

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
12/13/2007

| | | |
|---|---|---|
| IN RE: | § | |
| PINEWOOD HOMES, INC | § | CASE NO: 06-10385 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

## <u>MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER</u>

On this day came on for consideration the Motion to Reconsider filed by Jim Solis ("Solis"). The Court, having heard the evidence and arguments of counsel, finds that the motion should be denied.

### BACKGROUND

On July 2, 2007, the Debtor, Pinewood Homes, Inc. (the "Debtor") filed its Objection to Claim Number 4 by Claimant Jim Solis (the "Claim Objection"). Solis filed his answer to the Claim Objection on July 20, 2007. The Court issued a Scheduling Order setting the Claim Objection for hearing on August 1, 2007. The hearing date was continued to September 12, 2007, at which time counsel for both the Debtor and Solis were present and announced another continuance to October 3, 2007.  On October 3, 2007, counsel for Debtor appeared at the hearing but counsel for Solis failed to appear. The Court entered an Order Sustaining Claim Objection on October 4, 2007. Solis did not appeal the order and did not seek an extension of time to file a motion for new trial or motion to alter or amend judgment. On October 17, 2007, Solis filed a Motion to Reconsider. A hearing was held on the Motion to Reconsider on November 7, 2007, and the court allowed further briefing.

**DISCUSSION**

In Bankruptcy Court, a notice of appeal must be filed within 10 days of the date of entry of the judgment or order. Rule 8002(a), Fed.R.Bankr.Pro. A motion for new trial under Rule 9023 must be filed no later than 10 days after entry of the judgment. Rule 59, F.R.C.P., made applicable in bankruptcy by Rule 9023(b), Fed.R.Bankr.Pro. A motion for relief from judgment for excusable neglect must be made within a reasonable time, but not more than one year after the judgment. Rule 60(b), F.R.C.P., made applicable in bankruptcy by Rule 9024, Fed.R.Bankr.Pro. However, the time for taking action under Rule 60(b) does not apply to reconsideration of an order allowing or disallowing a claim against the estate entered without a contest. Rule 9024, Fed.R.Bankr.Pro. Finally the court may not enlarge the time for taking action under 9023 or 9024. Rule 9006(b)(2), Fed.R.Bankr.Pro.

The Bankruptcy Code provides that a "claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. §502(j). The Bankruptcy Rules allow a party to move for reconsideration of an order allowing or disallowing a claim. Rule 3008, Fed.R.Bankr.Pro.

The Bankruptcy Court for the Western District of Texas has succinctly set out the method of applying the above rules to this situation:

> The Fifth Circuit has provided guidance to the bankruptcy courts on how to exercise the courts' discretion under Rule 3008. The analysis turns upon when the motion for reconsideration was filed. Rule 8002(a) provides a ten-day period for filing an appeal of the order appealed from. If the motion to reconsider is filed prior to the expiration of this ten-day period, the motion is properly treated as a Rule 9023 motion to alter or amend judgment. If, however, the motion to reconsider is filed after the expiration of the ten-day period, it must be treated as a Rule 9024 motion for relief from judgment or order…

> Bankruptcy Rule 9024 incorporates Rule 60(b), which, in turn, states that a court may relieve a party from a final judgment, or proceeding for *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." As with any other motion, a motion for relief from judgment under [rule] 9024 or …60(b)(1) must set out specific grounds to explain the basis for the relief….Recall as well that section 502(j) states that the adjudication of a claim "may be reconsidered for cause." Clearly then, a movant seeking reconsideration must at least provide the court with some "cause " for reconsideration, and, if the motion is made after the expiration of the ten-day period, the cause must be cognizable under Rule 60(b).

- - *In re Gonzalez*, 273 B.R. 837, 840 (Bankr.W.D.Tex. 2007)(citations omitted).

Applying this rationale to the case at bar, the Court finds that the Motion to Reconsider must be analyzed under the Rule 60(b) standard because it was not filed within ten days after entry of the order. Under the Bankruptcy Rules, time is computed as follows:

> In computing any period of time prescribed or allowed by these rules or for the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which whether or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

- - Rule 9006(a), Fed.R.Bankr.Pro.

Here, the Order Sustaining Objection to Proof of Claim was entered on October 4, 2007. The ten-day deadline for appeal ran on Sunday, October 14, 2007, resulting in the deadline falling on Monday, October 15, 2007, because the last day computed was a Sunday. The intervening legal holiday (Veteran's Day) did not affect the time calculation because the time prescribed is more than 8 days. Solis filed his Motion to Reconsider on

October 17, 2007, two days after the deadline for appeals. Accordingly, the Motion to Reconsider will be treated under Rule 60(b).

Carlos Escobar, counsel for Solis alleges that he did not appear at the October 3, 2007, hearing because "due to a clerical mistake, the hearing… was not calendared. Thus, Counsel for Jim Solis was unaware of the hearing and failed to appear."[1] Counsel implies that someone in his office failed to place the hearing date on his calendar or that of his partner (or perhaps counsel is arguing that he forgot to place it on his own calendar). However, the minutes from the September 12, 2007, hearing indicate that "G. Hinojosa" was present at the hearing and received notice of the re-set date in person. The question then is whether counsel's failure to place the re-set date on his calendar or on his partner, Carlos Escobar's calendar, when he returned to his office constitutes mistake, inadvertence, or excusable neglect worthy of reconsideration. Again, the Bankruptcy Court for the Western District of Texas provides analysis of the applicable law:

> The "excusable neglect" standard implies that there are instances of neglect that are, in fact, inexcusable. In all such circumstances, there is neglect. Thus merely pleading neglect is not enough to warrant relief under Rule 60(b)(1). What must be presented in the motion are the circumstances that render the neglect in question excusable, notwithstanding that it was neglectful. *See In re Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987) (grounds for relief under rule 60(b) must be stated in the motion to entitle party to relief). Although the Supreme Court might be thought to have paved an easy highway for negligent lawyers in *Pioneer Investment* more than a decade ago, subsequent case law (much of it at the circuit level) has clarified that the Supreme Court's decision should not be read as a federal license to commit malpractice, or to violate the ethical duties a lawyer is obligated to perform under local bar rules. *See Pioneer Investment Services Co. v. Brunswick Assoc. L.P.,* 507 U.S. 3801 (1993) (the determination of what sort of neglect is "excusable" is,

---

[1] Carlos Escobar's affidavit states as follows: "On September 12, 2007, I received notice of the October 3, 2007 Hearing concerning Debtor's Objection and Motion to Dismiss Jim Solis's Claim. However, because of a clerical mistake, made in my office, the October 3, 2007 hearing was not calendared for Gilberto Hinojosa, nor myself. As a result of this mistake, Gilberto Hinojosa and I were unaware of the October 3, 2007, hearing and failed to appear.

> "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission"); *In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005)("While Pioneer guides an analysis of "excusable neglect" within the context of Bankruptcy Rule 9006(b)(1), nothing in the Supreme Court's opinion changes the well-established rule that "inadvertent mistake, gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court."), *citing Edward H. Bohlin Co. v. Banning,* 6 F.3d 350, 356-57 (5th Cir. 1993); *see also In re Kmart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004)(proof of claim filed one day late not allowed on excusable neglect grounds where attorney waited until the last minute to file the claim, and left the filing to a clerk, adding that fault in the delay is the preeminent factor in *Pioneer*); *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)(fault in the delay remains the most important single factor in determining whether neglect is excusable): *Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001)(the excuse given for the late filing must have the greatest import); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)(at the end of the day, the focus must be upon the nature of the neglect, and "garden variety attorney inattention" is not excusable neglect).

- - *In re C. Lynch Builders, Inc.*, 2007 Bankr. LEXIS 2794, p.7, 48 Bankr.Ct.Dec. 205 (Bankr.W.D.Tex. 2007).

Counsel for Solis clearly made a mistake by not placing the re-set hearing date on their calendars and therefore missing the hearing. The question is whether that constitutes excusable neglect? The Court finds that it does not. Counsel offers no explanation for the mistake which would raise it to the category of "excusable." Mere miscommunication between law partners, failure of clerical staff to follow through on instructions, or failure by attorneys to place a hearing date on their calendar are cases of "garden variety attorney inattention." *Id.* Moreover, counsel's post-hearing brief cites sections of the Federal Rules of Civil Procedure that do not apply in bankruptcy cases. Counsel relies on Rule 6, F.R.C.P. to calculate the answer date rather than Rule 9006, Fed.R.Bankr.Pro. Counsel uses the inapplicable rule to argue that the Motion to Reconsider was filed

timely. Counsel's argument that Rule 6 of the Federal Rules of Civil Procedure applies in this case results either from a misunderstanding of the rules or carelessness,[2] neither of which are excusable neglect. Here, as in the cases cited above, "the essential facts point only to lawyer error and inattention." *In re C. Lynch Builders, Inc., supra*. at p.8.

## CONCLUSION

For the reasons stated above, the Court finds that Solis' Motion to Reconsider should be denied for failure to file the motion in a timely matter and for failure to demonstrate excusable neglect.

SIGNED 12/13/2007.

_____
Richard S. Schmidt
United States Bankruptcy Judge

---

[2] The Court chooses not to believe that counsel is attempting to intentionally mislead the Court on the correct time calculation.